**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **P.T. and Z.J.**

**No. 22-0173** (Braxton County 21-JA-35 and 21-JA-36)

## MEMORANDUM DECISION

Petitioner Mother A.K., by counsel Andrew Chattin, appeals the Circuit Court of Braxton County's February 2, 2022, order terminating her parental rights to P.T. and Z.J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Mary Elizabeth Snead, filed a response on behalf of the children in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2021, the DHHR filed a petition alleging that petitioner's substance abuse resulted in her abuse and/or neglect of the children. The petition also noted that this was the second abuse and neglect proceeding against petitioner for these exact allegations, although she did regain custody of the children at the conclusion of the prior proceeding. The following month, petitioner stipulated to driving while intoxicated with Z.J. in the car and that she was in possession of multiple controlled substances at the time. It was also noted that petitioner had been released from jail on the DUI charge, but her bond was revoked when she failed a drug screen.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

The court held the final dispositional hearing in November of 2021, during which petitioner requested an improvement period. According to petitioner, she had enrolled in a long-term substance abuse treatment program several weeks prior but left the program after only one day. Petitioner asked that she be permitted to enroll in another program during an improvement period. However, petitioner was incarcerated at the time of the final hearing and admitted to a DHHR employee that she was abusing drugs while in jail. According to the DHHR worker, petitioner failed to participate in services during the proceedings and was "in and out of jail." The court then found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination of her rights was in the children's best interests. Accordingly, the court terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the court erred in terminating her parental rights upon finding that there was no reasonable likelihood that she could correct the conditions of abuse and neglect.[3] We disagree. While it is true that petitioner testified that she sought to enter a second

---

[2]The father's rights were also terminated below. The permanency plan for the children is adoption in their current placement.

[3]Petitioner also argues that it was error to terminate her rights without granting her an improvement period. However, petitioner fails to provide any relevant authority governing the granting of improvement periods, in contradiction to Rule 10(c)(7) of the Rules of Appellate Procedure, which requires that "[t]he brief must contain an argument exhibiting clearly the points of . . . law presented . . . and citing the authorities relied on." Further, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically cautioned that "[p]ursuant to Rule 10(j), failure to file a compliant brief 'may result in the Supreme Court refusing to consider the case . . . or imposing

(continued . . . )

treatment program, she ignores the fact that her substance abuse continued across two abuse and neglect proceedings and the fact that she voluntarily left her prior treatment program after roughly one day. As such, it is clear that the court had ample evidence, including drug screen results and petitioner's own admission to continued substance abuse, upon which to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect at issue. *See* W. Va. Code § 49-4-604(d)(1) (indicating that there is no reasonable likelihood conditions can be corrected when the abusing parent has "habitually abused or [is] addicted to . . . controlled substances or drugs").

In short, the court made the findings required by West Virginia Code § 49-4-604(c)(6) to terminate parental rights. Further, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 2, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

such other sanctions as the Court may deem appropriate.'" As such, we decline to address this argument.